UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE: PETROLEUM FUEL, ET AL

VERSUS

AAA TEMPORARIES, INC., ET AL

CIVIL ACTION

NO. 93-81-JVP-CN

## RULING ON MOTIONS

This action is before the court on a motion by petitioners-in-limitation, Apex Oil Company, Inc. and Petroleum Fuel and Terminal Company, Inc. ("hereinafter collectively referred to as "petitioners"), to vacate order of dismissal (doc. 45), and on a motion by defendant, Elfredroe Love ("claimant"), to dismiss limitation action (doc. 38). Petitioners have opposed the motion to dismiss (doc. 48). Jurisdiction is founded on 28 U.S.C. § 1333. There is no need for a hearing and the matter is now submitted.

### FACTS & PROCEDURAL HISTORY

On March 20, 1992, claimant filed suit in state court against his employer, AAA Temporaries, Inc., alleging that he sustained injuries while working on a vessel owned by petitioners. Claimant subsequently amended the petition by adding petitioners as defendants and they responded by filing this limitation of liability action pursuant to the Limitation Act, 46 App. U.S.C. §183, et seq.[1]

---

[1] Title 46 was revised in 1986, and 46 App. U.S.C. § 183 et seq. is now restated in section 30505, et seq. of the revised title. 46 U.S.C. § 30505 provides in pertinent part:

1

The complaint alleges that claimant was injured on a barge owned by Petroleum Fuel & Terminal Company, Inc., and that, at all times pertinent to this action, Petroleum Fuel & Terminal Company was a wholly owned subsidiary of Apex Oil Company, Inc. The complaint further alleges that Apex Oil Company, Inc. hired claimant through AAA Temporaries to do cleaning work on petitioners' barges, and that the claimant's state law action arises from injuries that he claims to have suffered when he slipped and fell in the course of performing that work. (Complaint, ¶¶ I-V).

Petitioners maintain that, should they be found liable to claimant in the state court action, their liability should be limited pursuant to Title 46 because any such casualty and resultant loss occurred without privity or knowledge on their part. They seek to limit their potential liability to $45,000.00, which the complaint alleges was

---

(a) In general.--Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

(b) Claims subject to limitation.--Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

the fair market value of the barge on which claimant claims to have been injured.[2] (Complaint, ¶¶ VII-X).

On March 11, 1993, the court issued an order staying the prosecution of any other legal proceedings against petitioners arising out of the same incident. On June 2, 1994, the court noted that claimant had "filed the customary stipulations," and lifted the stay (doc. 33). Claimant stipulated, *inter alia*:

> that petitioners are entitled to and have the right to litigate all issues relating to limitation of liability pursuant to provisions of 46 U.S.C. § 183, et seq. in this court but Elfredroe Love, as a single claimant, specifically reserves the right to deny and contest in this court all assertions and allegations by petitioners . . . in the complaint for limitation.

(doc. 45, Ex. A).

Claimant also stipulated that:

> in no event will Elfredroe Love herein seek to enforce [a state court] judgment or recovery insofar as same may expose Petroleum Fuel and Terminal Company or Apex Oil Company to liability in excess of FORTY FIVE THOUSAND AND NO/100 ($45,000.00) DOLLARS pending the adjudication of the complaint of limitation of liability in this Court.

(doc. 45, Ex. A).

---

[2]The complaint also acknowledges that, pursuant to Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, the principal amount of $45,000 is subject to interest at the rate of 6 percent per annum. (Complaint, ¶ X).

The matter was administratively terminated on March 13, 1995, without prejudice to the right of the parties to reopen the proceedings (docs. 36, 37). Claimant filed the motion to dismiss on May 1, 2008, and the court, noting that petitioners did not file an opposition to the motion, granted it on June 26, 2008 (doc. 39). On July 11, 2008, however, petitioners filed the current motion to vacate order of dismissal, maintaining that they received no notice of the motion until after it had been granted (doc. 45-2).[3] On July 15, 2008, petitioners were granted fifteen days to submit an opposition to the motion to dismiss limitation action (doc. 46).

## LAW AND DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure provides in pertinent part that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

"The main application of Rule 60(b) 'is to those cases in which the true merits of a case might never be considered.'" *Ruiz v. Quarterman*, 504 F.3d 523, 532-33 (5th Cir. 2007) (quoting *Fackerman v. Bell*, 564 F.2d 734 (5th Cir. 1977). Moreover:

> Rule 60(b) of the Federal Rules of Civil Procedure is a remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be

---

[3] Counsel for petitioners maintains that he did not receive notice in the mail and speculates that he may have inadvertently lost or deleted the electronic notice on his newly obtained, hand-held personal device (doc. 45-2, pp. 3-4).

> grounds for default or dismissal. Recognizing the remedial intention of the rule, this Court has noted that it should be given a liberal construction. It is generally held that even where there may be evidence in the record which would call for dismissal, any doubt should be resolved in favor of a trial on the merits.

*Greater Baton Rouge Golf Ass'n v. Recreation and Park Commission for Parish of East Baton Rouge*, 507 F.2d 227, 228-29 (5th Cir. 1975) (internal citations omitted).

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993). The court, however, must make an equitable determination of whether the failure to comply with the deadline is excusable, and must consider: (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395.

Nothing in the record suggests that petitioners's failure to timely oppose the motion amounted to an act of bad faith or that it was due to anything other than petitioners' lack of actual notice of the motion to dismiss. Nor is there any suggestion that petitioners' actions have unduly prejudiced claimant or resulted in any excessive delay. The court therefore concludes that the neglect of petitioners'

counsel to timely oppose the motion was excusable and turns to the merits of the motion to dismiss.

Claimant contends that the limitation action should be dismissed because he is a single claimant and has obtained a state judgment of liability against petitioners solely as employers and not as vessel owners, but he cites no caselaw to support his position. The court finds no merit in claimant's argument.

The Fifth Circuit holds that limitation actions are appropriate in cases involving a single claimant. See *Inland Dredging v. Sanchez*, 468 F.3d 864 (5th Cir. 2006) (holding that a single claimant may proceed with his claim in state court only upon a showing that the rights of the shipowner under the Limitation in Liability Act are adequately protected); *In re Tetra Applied Technologies, L.P.*, 362 F.3d 338 (5th Cir. 2004) (same).

Moreover, a state judgment of liability against petitioners as employers does not, by itself, provide grounds to dismiss the limitation of liability action. The Fifth Circuit, in referring to the Limitation Act, has stated:

> The court, not a jury, must determine whether the shipowner merits relief under this provision. In a limitation proceeding, once an injured seaman establishes that negligence or unseaworthiness caused his injuries, the burden shifts to the vessel owner to establish lack of privity or knowledge of the dangerous condition that caused the injury. *In re Farrell Lines, Inc.*, 530 F.2d 7, 10 (5th Cir.1976).

*Brister v. A.W.I, Inc.*, 946 F.2d 350, 355 (5th Cir. 1991).

6

Thus, the critical issue in the limitation proceeding is whether petitioners had privity or knowledge of the dangerous condition. "[W]hether a corporation has 'privity or knowledge' of a negligent act may be determined on the basis of whether the negligent employee is sufficiently high in the corporate hierarchy to make his awareness that of the corporation." *Brister*, 946 F.2d at 356.

Though claimant has established in state court that his injuries were caused by negligence, no evidence has been presented to this court from which it can determine whether petitioners had privity or knowledge of the dangerous condition.[4]

## CONCLUSION

Accordingly, motion by petitioners-in-limitation, Apex Oil Company, Inc. and Petroleum Fuel and Terminal Company, Inc., to vacate order of dismissal (doc. 45) is hereby **GRANTED**, and the motion by defendant, Elfredroe Love, to dismiss limitation action (doc. 38) is hereby **DENIED**.

Baton Rouge, Louisiana, October 20, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] Though the state court finding of negligence creates a presumption of privity or knowledge on the part of petitioners (see *Brister*, F.2d at 356), granting the motion to dismiss limitation action under the present circumstances would deny petitioners a full and fair opportunity to rebut the presumption in this court.